UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | Chapter 7 |
| ) | Case No. 14-15690 |
| Baltazar Ramirez, ) | Hon. Donald R. Cassling |
| ) | Hearing Date: November 18, 2016 |
| Debtor. ) | Hearing Time: 11:00 a.m. |

### Notice of Motion

To:   *See Attached Service List*

PLEASE TAKE NOTICE that on Friday, November 18, 2016, at 11:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling or before any other bankruptcy judge sitting in his stead, in Courtroom 240 of the Kane County Courthouse, 100 S. 3rd Street, Geneva, Illinois, 60134, and present **Trustee's Motion to i) Approve Compromise or Settlement Pursuant to Rule 9019 with Allstate, (ii) Pay Final Compensation to Special Counsel, iii) Pay Secured Claims, iv) Pay Debtor's Exemption**, a true and correct copy of which is hereby served upon you.

/s/ Elizabeth C. Berg, trustee

### Certificate of Service

I, Elizabeth C. Berg, hereby certify that on October 27, 2016, I caused a true and correct copy of the foregoing Notice and the document identified therein to be served upon the persons identified on the attached service list, either electronically via CM/ECF or by first class mail, postage prepaid, as indicated on the service list.

/s/ Elizabeth C. Berg, trustee

Elizabeth C. Berg
Julia D. Loper
Baldi Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, Illinois   60602
312-726-8150

## Service List

*Baltazar Ramirez, debtor*
*Case No. 14-15690*

### Served Electronically Via CM/ECF

Office of the U.S. Trustee
**USTPRegion11.ES.ECF@usdoj.gov**

Alex Wilson
*Debtor's Counsel*
ndil@geracilaw.com

### Submitted by Electronic Mail

United States Trustees Office
Ustp.region11.tfr@usdoj.gov

### Served by First Class Mail

Robert Fink
*Co-Special Counsel*
Collision Law Offices, Ltd.
19 S. LaSalle St., Suite 1400
Chicago, IL 60603

Mario Arreola
*Co-Special Counsel*
Geraci, Arreola & Hernandez, LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603

Stacy Walker
*Counsel for Allstate*
Law Office of Steven A. Lihosit
200 N. LaSalle Street, Suite 2550
Chicago, IL 60601

ATI Physical Therapy
790 Remington Blvd.
Bolingbrook, IL 60040

Law Office of Neil J. Greene
Attorney for Delnor Community Hospital
250 Parkway Drive, Suite 160
Lincolnshire, Illinois 60069

Fox Valley Orthopaedic
2525 Kaneville Rd.
Geneva, IL 60134

Blue Cross Blue Shield of Illinois
Health Care Service Corporation
25552 Network Place
Chicago, IL 60673-1255

State Farm
PO Box 106170
Atlanta, GA 30348-6170

Aetna Health Plans
Attn: Debra A. Fox
Reference No.: 76444285
The Rawlings Company - Subrogation Division
PO Box 2000
LaGrange, KY 40031-2000

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | Chapter 7 |
| ) | | Case No. 14-15690 |
| Baltazar Ramirez, ) | | Hon. Donald R. Cassling |
| ) | | Hearing Date: November 18, 2016 |
| Debtor. ) | | Hearing Time: 11:00 a.m. |

**Trustee's Motion to i) Approve Compromise or Settlement Pursuant to Rule 9019 with Allstate, (ii) Pay Final Compensation to Special Counsel,
iii) Pay Secured Claims, iv) Pay Debtor's Exemption**

Elizabeth C. Berg, not individually, but solely as successor trustee ("Trustee") of the estate ("Estate") of Baltazar Ramirez, debtor ("Debtor"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Rules"), and sections 330 and 503 of title 11, United States Code ("Code") requests this Court for the entry of an order authorizing her to 1) compromise and settle the claims of the Estate against Allstate Property and Casualty Insurance Company ("Allstate") on the terms set forth below 2) allowing and authorizing Trustee to pay from the settlement proceeds final compensation and payment of expenses to the Estate's special counsel, 3) allowing and authorizing Trustee to pay from the settlement proceeds allowed health care liens, and 4) authorizing Trustee to pay the Debtor's personal injury exemption. In support of her motion, Trustee states as follows: In support thereof, Trustee respectively states as follows:

*Introduction*

1. Debtor commenced this case on April 25, 2014, by filing a voluntary petition for relief under chapter 7 of the Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

*Personal Injury Claim*

3. Among the assets of the Estate is a personal injury claim arising from Debtor's pre-petition automobile accident ("PI Claim").

4. Trustee has recently been advised that a settlement offer of $100,000.00 has been made in the PI Litigation descirbed below which would be sufficient to provide a distribution to unsecured creditors.

5. The complaint commencing the litigation to recover damages for the PI Claim was filed by Trustee's counsel in 2015 and is now pending in the Circuit Court of the Sixteenth Judicial Circuit of Kane County, Illinois as case number 15 L 291 ("PI Litigation"). The PI Claim became property of this Estate upon the filing of the petition commencing this case in accordance with section 541 of the Code.

6. On October 17, 2014, Trustee was authorized by this court to employ Debtor's attorneys in the PI Litigation as special counsel on behalf of the Estate. Specifically, Trustee has retained attorneys Mario Arreola of Geraci Arreola and Hernandez, LLC and Robert Fink of Collison Law Offices as co-special counsel ("PI Counsel") on behalf of this Estate to prosecute and/or settle the PI Litigation and liquidate the PI Claim.

### *Proposed Settlement of Claim*

7. Trustee, through PI Counsel, has reached an agreement to settle and compromise the PI Claim with the Plaintiff's insurer, Allstate. Based upon the proposed settlement, the Estate will recover gross proceeds of $100,000.00.

8. The essential terms of the proposed settlement are as follows:

a) Allstate shall pay the Estate the amount of $100,000.00 in full settlement of the PI Claim;

b) Allstate shall receive a release of the claims of Debtor; and,

c) The settlement is expressly conditioned upon the Court's approval.

9. Trustee has conferred with PI Counsel and believes that the proposed settlement is fair and reasonable and in the best interests of the Estate. Pursuant to the proposed settlement, the Estate will recover gross proceeds in the amount of $100,000.00 without incurring the cost and risks associated with further litigating the issues which are the subject of the PI Claim. Trustee anticipates that she will receive approximately $45,000.00 in net proceeds

2

for the benefit of the Estate after payment of the Debtor's PI exemption, attorney's fees and allowed secured claims for health care liens. Based upon the current projected net recovery for the Estate, Trustee anticipates that she will be able to pay all unsecured creditors in full.

### *Payment of Final Compensation to PI Counsel*

10. Under the agreement entered into with PI Counsel as special counsel to the Trustee, PI Counsel are entitled to receive one third (33.33%) of any amount recovered in the PI Litigation. Accordingly, Trustee seeks authority to pay to PI Counsel $33,333.34 as allowed final compensation for their services rendered on behalf of the Estate in settling and liquidating the PI Claim upon her receipt of the gross settlement proceeds without further order of court. PI Counsel's compensation will be shared amongst the PI Counsel as follows:

| | |
|---|---|
| Mario Areola | $ 16,666.67 |
| Robert Fink | $ 16,666.67 |
| TOTAL | $ 33,333.34 |

Affidavits of PI Counsel supporting the request for payment of compensation pursuant to Rule 2016 are attached hereto as **Group Exhibit A**.

11. PI Counsel also seeks allowance to PI Counsel of reimbursement of expenses in the amount of $1,257.73 as set forth on the statement attached hereto as **Exhibit B**. Trustee has reviewed the foregoing expenses and has determined that they were reasonable and necessary expenses incurred in prosecuting the PI Litigation and reaching the proposed settlement. Trustee seeks authority to pay the foregoing expenses upon her receipt of the gross settlement proceeds without further order of court.

### *Payment of Health Care Liens*

12. In the course of Debtor's treatment for the injuries sustained in the accident giving rise to the PI Claim, Debtor incurred medical expenses which attached as liens to any recovery of the PI Claim including the proceeds from the proposed settlement. Trustee has reviewed the medical liens claims and, through PI Counsel, has obtained a significant reduction in the liens from the original amounts claimed. Trustee seeks authority to pay as allowed secured claims of the Estate the following medical lien claims:

3

| Lien Claimant | Amount claimed | Proposed settlement of lien |
|---|---|---|
| State Farm (Med Pay) | $5,000.00 | $0.00 |
| ATI Physical Therapy | $145.03 | $0.00 |
| Fox Valley Orthopaedic | $1,143.44 | $1,000.00 |
| Delnor Community Hospital | $2,223.25 | $1,779.00 |
| The Rawlings Company (Aetna Health Plans) | $9,850.51 | $4,000.00 |
| BlueCross BlueShield | $7,383.77 | $1,389.97 |
| **TOTAL** | $25,746.00 | **$8,168.97** |

Trustee seeks authority to pay the proposed foregoing lien claims upon her receipt of the gross settlement proceeds without further order of court.

### *Payment of Debtor's Exemptions*

13.    The Debtor has claimed a personal injury exemption in the settlement proceeds pursuant to 735 ILCS 5/12-1001(h)(4) in the amount of $15,000.00. Trustee seeks authority to pay Debtor the amount of his exemption immediately upon the entry of this order and without further order of court.

### *Notice to Creditors*

14.    Trustee has provided 21 days' notice of this Motion to the Debtor, the United States Trustee, Debtor's creditors and other parties in interest in the form attached hereto as **Exhibit C** pursuant to Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Elizabeth C. Berg, as trustee of the estate of Baltazar Ramirez, debtor, requests that this Court enter an order:

A.    Approving the proposed compromise and settlement of the Estate's claims against Allstate pursuant to the terms set forth in the Motion;

B.    Authorizing Trustee to take such steps, do such acts and execute such documents as are necessary in order to implement the terms of the settlement;

C.    Allowing and authorizing Trustee to pay to Mario Aerola of Geraci Aerola and Hernandez, LLC and Robert Fink of Collison Law Offices $16,666.67 each, as final

4

compensation for their services rendered in the resolution of the PI Claim and $1,257.73 to Robert Fink as an allowed administrative expense for reimbursement of his actual and necessary costs;

    D.    Allowing and authorizing Trustee to pay the following health care liens as allowed secured claims arising from the PI Claim:

| | |
|---|---|
| Fox Valley Orthopaedic | $1,000.00 |
| Delnor Community Hospital | $1,779.00 |
| The Rawlings Company (Aetna Health Plans) | $4,000.00 |
| BlueCross BlueShield | $1,389.97 |

    E.    Allowing and authorizing Trustee to pay the personal injury exemption of Baltazar Ramirez in the amount of $15,000.00 from the proceeds of settlement in full payment of Debtor's exemptions in the PI Claim; and,

    F.    For such other and further relief as this Court deems just and reasonable.


Dated: October 27, 2016            Respectfully submitted,

                                      Elizabeth C. Berg, as trustee of the estate of Baltazar Ramirez, debtor

                                      By:        /s/ Elizabeth C. Berg

Elizabeth C. Berg
Julia D. Loper
Baldi Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, Illinois   60602
(312) 726-8150

5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 14-15690 |
| Baltazar Ramirez, | ) | Hon. Donald R. Cassling |
| | ) | |
| Debtor. | ) | |

### Rule 2016 Affidavit

Robert M. Fink, being first duly sworn on oath, deposes and states as follows:

1. I am duly licensed to practice law in the State of Illinois, and am an attorney of the law firm of Collison Law Offices. The matters set forth herein are true and correct to the best of my knowledge and belief.

2. I have read the Trustee's Motion to i) Approve Compromise or Settlement Pursuant to Rule 9019 with Allstate, (ii) Pay Final Compensation to Special Counsel, iii) Pay Secured Claims, iv) Pay Debtor's Exemption ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Collison Law Offices has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3. Collison Law Offices has not previously received payment of any compensation for services rendered in connection with this case. Collison Law Offices has not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except amongst the members and associates of the firm, and to the extent of the contingency fee sharing agreement between co-special counsel Mario Arreola of Geraci, Arreola & Hernandez, LLC, as set forth in the Application.

FURTHER AFFIANT SAYETH NOT.

_____
Robert Fink

SUBSCRIBED AND SWORN TO
before me on October 24, 2016

_____
Notary Public

OFFICIAL SEAL
MARK A KOEHLER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/17/20

GROUP EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 14-15690 |
| Baltazar Ramirez, | ) | Hon. Donald R. Cassling |
| | ) | |
| Debtor. | ) | |

### Rule 2016 Affidavit

Mario Arreola, being first duly sworn on oath, deposes and states as follows:

1. I am duly licensed to practice law in the State of Illinois, and am a principal of the law firm of Geraci, Arreola & Hernandez, LLC. The matters set forth herein are true and correct to the best of my knowledge and belief.

2. I have read the Trustee's Motion to i) Approve Compromise or Settlement Pursuant to Rule 9019 with Allstate, (ii) Pay Final Compensation to Special Counsel, iii) Pay Secured Claims, iv) Pay Debtor's Exemption ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Geraci, Arreola & Hernandez, LLC has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3. Geraci, Arreola & Hernandez, LLC has not previously received payment of any compensation for services rendered in connection with this case. Geraci, Arreola & Hernandez, LLC has not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except amongst the members and associates of the firm, and to the extent of the contingency fee sharing agreement between co-special counsel Robert M. Fink of Collison Law Offices, as set forth in the Application.

FURTHER AFFIANT SAYETH NOT.

_____
Mario Arreola

SUBSCRIBED AND SWORN TO
before me on October 27, 2016

_____
Notary Public

"OFFICIAL SEAL"
Anna E Morowczynski
Notary Public, State of Illinois
My Commission Expires 9/2/2018

GROUP EXHIBIT A

3:52 PM
10/26/16
Accrual Basis

## Collison Law Offices, Ltd.
## Customer Open Balance
### All Transactions

Page 1

| Type | Date | Num | Memo | Due Date | Open Balance | Amount |
|---|---|---|---|---|---|---|
| **Ramirez, Baltazar** | | | | | | |
| Stmt Charge | 03/17/2014 | 1227 | postage-2 cert mail- SR | 03/18/2014 | 13.00 | 13.00 |
| Stmt Charge | 03/18/2014 | 1252 | Geneva PD-report | 03/30/2014 | 5.00 | 5.00 |
| Stmt Charge | 03/30/2014 | 1384 | travel-3/13/13 | 04/29/2014 | 15.00 | 15.00 |
| Stmt Charge | 04/29/2014 | 1385 | Healthport-Inv#s 0144711561; 0144429112-Fox Valle.... | 04/29/2014 | 196.95 | 196.95 |
| Stmt Charge | 04/29/2014 | | ATI Phy Therapy-records | 04/29/2014 | 53.69 | 53.69 |
| Stmt Charge | 09/30/2014 | | copies-VS | | 1.00 | 1.00 |
| Stmt Charge | 01/26/2015 | 2236 | Tri City Radiology-records | 01/26/2015 | 24.90 | 24.90 |
| Stmt Charge | 06/30/2015 | 2756 | Kane Cty Circuit Ct- complaint | 06/30/2015 | 282.00 | 282.00 |
| Stmt Charge | 06/30/2015 | 2757 | Kane Cty Circuit Ct- service | 06/30/2015 | 147.00 | 147.00 |
| Stmt Charge | 07/15/2015 | 2827 | travel-7/2/15-Kane Cty | 07/15/2015 | 15.00 | 15.00 |
| Stmt Charge | 08/10/2015 | | copies/postage-CV-motion | | 3.72 | 3.72 |
| Stmt Charge | 12/21/2015 | | postage-filing-12/11/15 | | 2.28 | 2.28 |
| Stmt Charge | 12/23/2015 | 3331 | Fox Valley Ortho-records | 12/23/2015 | 122.29 | 122.29 |
| Stmt Charge | 01/04/2016 | 3358 | ATI Phy Therapy-records | 01/04/2016 | 48.54 | 48.54 |
| Stmt Charge | 01/18/2016 | 3412 | Healthport-Inv# 0183493251- Cadence Health recs | 01/18/2016 | 29.29 | 29.29 |
| Stmt Charge | 02/15/2016 | 3489 | 2/9/16 travel status | 02/15/2016 | 59.00 | 59.00 |
| Stmt Charge | 02/16/2016 | | postage-disc | | 5.80 | 5.80 |
| Stmt Charge | 04/06/2016 | 3675 | Planet Depos-Inv# 130381-3/15/16 dep of Brown | 04/06/2016 | 142.50 | 142.50 |
| Stmt Charge | 08/24/2016 | | parking-MC | | 20.00 | 20.00 |
| Stmt Charge | 09/22/2016 | | parking- Kane Cty filing | | 20.00 | 20.00 |
| Stmt Charge | 09/30/2016 | 4232 | travel- filing 9/22/16 | 09/30/2016 | 31.60 | 31.60 |
| Stmt Charge | 10/17/2016 | ep | travel | 10/17/2016 | 19.17 | 19.17 |
| **Total Ramirez, Baltazar** | | | | | **1,257.73** | **1,257.73** |
| **TOTAL** | | | | | **1,257.73** | **1,257.73** |

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 14-15690 |
| Baltazar Ramirez, | ) | Hon. Donald R. Cassling |
| | ) | Hearing Date: November 18, 2016 |
| Debtor. | ) | Hearing Time:  11:00 a.m. |

**Notice of Trustee's Motion to i) Approve Compromise or Settlement Pursuant to Rule 9019 with Allstate, (ii) Pay Final Compensation to Special Counsel, iii) Pay Secured Claims, iv) Pay Debtor's Exemption**

To:     Debtor, All Creditors and Other Parties in Interest

PLEASE TAKE NOTICE that on October 27, 2016, Elizabeth C. Berg, as trustee, ("Trustee") of the estate of Baltazar Ramirez, debtor ("Debtor"), will file **Trustee's Motion to i) Approve Compromise or Settlement Pursuant to Rule 9019 with Allstate, (ii) Pay Final Compensation to Special Counsel, iii) Pay Secured Claims, iv) Pay Debtor's Exemption** ("Motion").  A copy of the Motion is on file and available for inspection and copying at the office of the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois  60604.  A copy of the Motion may also be obtained from the Trustee's attorneys at the address set forth below and on the internet at the Court's web site at www.ilnb.uscourts.gov/.

The Trustee seeks authorization to compromise and settle with Allstate Property and Casualty Insurance Company ("Allstate") on the Debtor's claim for personal injuries relating to a pre-petition automobile accident ("PI Claim"). Trustee has received prior court approval to retain attorneys Mario Arreola of Geraci Arreola and Hernandez, LLC and Robert Fink of Collison Law Offices as co-special counsel ("PI Counsel") to liquidate the PI Claim on behalf of the Estate. Trustee has reviewed Allstate's settlement offer of $100,000.00 ("Settlement Proceeds") and both she and PI Counsel believe that the settlement is fair and reasonable and in the best interests of the Estate.  The Trustee anticipates that she will be able to make to pay unsecured creditors in full without incurring extensive additional costs to take the PI Claim to trial.  The Trustee seeks authority to pay the contingent fee of PI Counsel in the amount of $33,333.34, divided 50/50 and PI Counsel's reasonable and necessary litigation expenses in the amount of $1,257.73. The Trustee seeks to also pay the Debtor his claimed personal injury exemption in the amount of $15,000.00.  Finally, the Trustee seeks authority to pay the health care liens relating to the PI Claim as allowed secured claims against the settlement proceeds in the following amounts:

| Lien Claimant | Amount claimed | Proposed settlement |
|---|---|---|
| State Farm (Med Pay) | $5,000.00 | $0.00 |
| ATI Physical Therapy | $145.03 | $0.00 |
| Fax Valley Ortho | $1,143.44 | $1,000.00 |
| Delnor Hospital | $2,223.25 | $1,779.00 |
| The Rawlings Company (Aetna Health Plans) | $9,850.51 | $4,000.00 |
| BlueCross BlueShield | $7,383.77 | $1,389.97 |
| **TOTAL** | $25,746.00 | **$8,168.97** |

Objections, if any, to the proposed compromise with Allstate must be filed on or before November 11, 2016 with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604 and a copy served upon Trustee's attorneys at the address set forth below.

A hearing will be held upon the Trustee's Motion and any objections thereto on **November 18, 2016 at 11:00 a.m.** before the Honorable Donald R. Cassling, Courtroom 240 of the Kane County Courthouse, 100 South 3rd Street, Geneva, Illinois, at which time you may, but need not, appear and be heard.  If no objections are filed or if no party requests a formal hearing on the Motion, the Motion may be granted without further hearing thereon.

Dated: October 27, 2016                                       Elizabeth C. Berg, Trustee of the Estate of
                                                                                      Baltazar Ramirez, debtor

Elizabeth C. Berg
20 N. Clark St., Suite 200
Chicago, IL  60602
(312) 726-8150

EXHIBIT C